UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENN MILLER, on behalf of himself and all others similarly situated, | Civil Case Number: _____ |
| Plaintiff(s), | **CIVIL ACTION** |
| -against- | **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |
| CONVERGENT OUTSOURCING, INC., and JOHN DOES 1-25, | |
| Defendant(s). | |

Plaintiff, GLENN MILLER, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendant, CONVERGENT OUTSOURCING, INC., ("CONVERGENT"), JOHN DOES 1-25 their employees, agents, and successors (collectively "Defendants") the following:

**PRELIMINARY STATEMENT**

1.      Plaintiff brings this action for damages and declaratory relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. §1391(b)(2) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5. The FDCPA, 15 U.S.C. § 1692 *et seq.*, which prohibits certain debt collection practices provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6. Plaintiff is a natural person and a resident of Bronx, New York, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7. CONVERGENT maintains a location at 800 SW 39th. Street, Renton, WA 98057.

8. Upon information and belief, CONVERGENT uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. CONVERGENT is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10. John Does 1-25, are fictitious names of individuals and business alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all City of New York consumers and their successors in interest (the "Class"), who were sent debt collection

letters and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class is initially defined as:

- All City of New York consumers who were sent letters and/or notices from CONVERGENT concerning a debt owed to VERIZON WIRELESS, which contained at least one of the alleged violations of 15 U.S.C. § 1692 *et seq.* herein.

  The class definition may be subsequently modified or refined. The Class period begins one year to the filing of this Action.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there may be hundreds and/or thousands of persons who were sent debt collection letters and/or notices from the Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice. (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 redacted the financial account numbers and/or personal identifiers in an effort to protect Plaintiff's privacy);

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.    Whether the Defendants violated various provisions of the FDCPA including but not limited to:

15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(2)(B); 1692e(10); and 1692f *et seq*.

    b.    Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.    Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without

> the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy, they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Sometime prior to October 10, 2016, Plaintiff allegedly incurred a financial obligation to VERIZON WIRELESS ("VERIZON").

16. The VERIZON obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

17. The VERIZON obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

18. VERIZON is a "creditor" as defined by 15 U.S.C. § 1692a(4).

19. On or before October 10, 2016, VERIZON WIRELESS referred the VERIZON WIRELESS obligation to CONVERGENT for the purpose of collections.

20. At the time VERIZON WIRELESS referred the VERIZON WIRELESS obligation to CONVERGENT, the obligation was past due.

21. At the time VERIZON WIRELESS referred the VERIZON obligation to CONVERGENT, the obligation was in default.

22. Defendant caused to be delivered to Plaintiff a letter dated October 10, 2016, which was addressed to Plaintiff.  **Exhibit A.**

23. The October 10, 2016 letter was sent to Plaintiff in connection with the collection of the VERIZON obligation.

24. The October 10, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

25. Upon receipt, Plaintiff read the October 10, 2016 letter.

26. The October 10, 2016 letter provides the following information regarding the Total Balance claimed due on the VERIZON obligation:

Current Balance:  $1,373.02

27. The October 10, 2016 letter also stated in part that:

> "The records of Verizon Wireless show that your balance of $1,373.02 is due in full."

28. The Principal due stated in the October 10, 2016 letter included an amount for a collection fee and/or interest.

29. The October 10, 2016 letter failed to disclose that the Total Balance included an amount for a collection fee and/or interest.

30. The October 10, 2016 letter failed to disclose that the Total Balance included an amount for a collection fee of 18%.

31. At the time that CONVERGENT sent the October 10, 2016 letter to Plaintiff, the Principal was approximately $1,163.57.00.

32. All or some portion of the collection fee was included in the $1,373.02 Principal claimed due in the October 10, 2016 letter.

33. The $1,373.02 Principal claimed in the October 10, 2016 letter contained all or some of the collection fee.

34. CONVERGENT knew or should have known that its actions violated the FDCPA.

35. CONVERGENT could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

36. It is CONVERGENT's policy and practice to send written collection communications, in the form annexed hereto as **Exhibit A**, which violate the FDCPA, by *inter alia*:

    (a) Using false, deceptive or misleading representations or means in connection with the collection of a debt;

    (b) Using unfair or unconscionable means to collect or attempt to collect any debt; and

    (c) Making a false representation of the character or amount of the debt.

37. On information and belief, CONVERGENT sent written communications in the form annexed hereto as **Exhibit A**, to at least 50 natural persons in the City of New York with one year of this Complaint.

## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*.  VIOLATIONS

38.     Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

39.     Collection letters and/or notices, such as those sent by CONVERGENT, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

40.     CONVERGENT's collection letters and/or notices would cause the least sophisticated to be confused as to the meaning of "Principal balance" and as to whether that balance consisted of fees, costs and/or interest.

41.     CONVERGENT's collection letters and/or notices would cause the least sophisticated consumer to believe that the Total Balance due consisted of only Principal.

42.     CONVERGENT's letters were designed to cause the least sophisticated consumer to believe that the Total Balance claimed due consisted of only Principal.

43.     The content of CONVERGENT's letter was designed to cause the least sophisticated consumer to believe that the Total Balance claimed due consisted of only Principal.

44.     CONVERGENT violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with their attempts to collect debts from Plaintiff and others similarly situated.

45.     CONVERGENT violated 15 U.S.C. § 1692e of the FDCPA in connection with their communications to Plaintiff and others similarly situated.

46.     Section 1692e(2)(A) of the FDCPA prohibits a debt collector from making a false representation of the character, amount or legal status of a debt.

47. CONVERGENT violated 15 U.S.C. § 1692e(2)(A) by making false representations of the character and legal status of the debt.

48. CONVERGENT violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the amount claimed due as Principal in the October 10, 2016 letter.

49. CONVERGENT violated 15 U.S.C. § 1692e(2)(A) by misrepresenting the character of the debt as entirely Principal.

50. CONVERGENT violated 15 U.S.C. § 1692e(2)(A) by representing the "Total Balance" as principal when in fact it contained fees, costs and/or interest.

51. CONVERGENT violated 15 U.S.C. § 1692e(2)(B) by misrepresenting that a collection fee was lawfully due.

52. Section 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

53. CONVERGENT violated 15 U.S.C. § 1692e(10) by misrepresenting the amount claimed due as Principal in the May 27, 2016 letter.

54. CONVERGENT violated 15 U.S.C. § 1692e(10) by misrepresenting that a collection fee was due.

55. CONVERGENT attempt to collect the alleged debt by misrepresenting the nature and amount of the alleged amount due violated various provisions of the FDCPA including but not limited to: 15 U.S.C. §§ 1692e; 1692e(2)(A); 1692e(2)(B); 1692e(10); and 1692f *et seq*.

56. Section 1692f *et seq.* of the FDCPA prohibits a debt collector from using unfair or unconscionable means to collect or attempt to collect any debt.

57. CONVERGENT violated Section 1692f *et seq.* of the FDCPA by attempting to collect interest and/or a "collection fee", which it is not authorized or permitted by law to charge or collect.

58. Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

59. Plaintiff and others similarly situated have a right to free from abusive debt collection practices by debt collectors.

60. Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

61. Plaintiff and others similarly situated were sent letters which would have affected their decision-making with regard to the debt.

62. Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

63. Plaintiff has suffered damages and other harm as a direct result of the CONVERGENT's actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a) Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and the attorneys, Joseph K. Jones, Esq., and Glen H. Chulsky, Esq., as Class Counsel;

(b) Awarding Plaintiff and the Class statutory damages;

(c) Awarding Plaintiff and the Class actual damages;

(d) Awarding pre-judgment interest;

(e) Awarding post-judgment interest.

    (f)  Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

    (g)  Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

Dated: November 11, 2016

                *s/ Joseph K. Jones*
                Joseph K. Jones, Esq.
                JONES, WOLF & KAPASI, LLC
                555 Fifth Avenue, Suite 1700
                New York, NY 10017
                (646) 459-7971 telephone
                (646) 459-7973 facsimile
                jkj@legaljones.com

## **DEMAND FOR TRIAL BY JURY**

  Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

                *s/ Joseph K. Jones*
                Joseph K. Jones, Esq.

# Exhibit A

ATERSO01
PO Box 1022
Wixom MI  48393-1022
CHANGE SERVICE REQUESTED

**Convergent**
Convergent Outsourcing, Inc.
800 SW 39th St./PO Box 9004
Renton, WA 98057
Mon-Fri 7AM-8PM & Sat 8-12PM PT
866-382-2885

Date:  10/10/2016
Creditor: Verizon Wireless
Client Account #:
Convergent Account #:

Principal:       $1,373.02
Total Balance:   $1,373.02

Glenn Miller

### Your Response is Requested

This notice is being sent to you by a collection agency.  The records of Verizon Wireless show that your balance of $1,373.02 is due in full.

If you have any questions about this account please contact our office toll free at 866-382-2885.

Sincerely,

Convergent Outsourcing, Inc.

**THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.  THIS COMMUNICATION IS FROM A DEBT COLLECTOR.**

NOTICE:  PLEASE SEE REVERSE SIDE FOR IMPORTANT CONSUMER INFORMATION.



### 3 CONVENIENT WAYS TO PAY:

Pay Online: Not Available

Pay by Phone:  Please call Convergent Outsourcing, Inc. at 866-382-2885.

Pay by Mail:  Send Payments to Verizon Wireless, PO BOX 660108, Dallas, TX 75266-0108.

PLEASE DETACH THE BOTTOM PORTION WITH YOUR PAYMENT.  BEFORE MAILING, PLEASE ENSURE RETURN ADDRESS APPEARS CORRECTLY THROUGH THE WINDOW OF THE REPLY ENVELOPE.

243235824
846ATERSO01B192

866-382-2885
Date:  10/10/2016

Glenn Miller